# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHANE C.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

Case No. 1:20-cv-00985

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff filed this Social Security appeal in order to challenge the Defendant's determination that he is not disabled. Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

### I.  Summary of Administrative Record

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on January 30, 2018, alleging disability as of May 5, 2004. (Tr. 115-16, 264-71). The Administration denied Plaintiff's claim initially and upon reconsideration. A hearing was conducted by video on October 9, 2019, at which Plaintiff and vocational expert, Charles McBee testified. ALJ Gabrielle Vitellio issued a decision on January 13, 2020, denying Plaintiff's applications. (Tr. 35-53). Plaintiff now seeks judicial review of the denial of his application for benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

At the time of the hearing, Plaintiff was forty-six years old. He completed eleventh grade and has no past relevant work. He alleges disability based primarily on bi-polar disorder, diabetes, and high cholesterol. (Tr. 90)

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "schizoaffective disorder, generalized anxiety disorder, and a history of polysubstance dependence." (Tr. 40). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform a full range of work on all exertional levels subject to the following non exertional limitations:

> He can carry out and understand simple instructions in environments with no assembly line production, no public interaction and occasional interaction with the co-workers and supervisors.

(Tr. 42). The ALJ then further determined that Plaintiff had no past relevant work. Drawing upon testimony from the vocational expert, Mr. McBee, the ALJ determined at step 5 that, despite his depression and anxiety, Plaintiff could nonetheless still perform several jobs existing in the national and regional economies. (Tr. 47-48). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to fully develop the record with respect to the functional effects of the symptoms associated with the Plaintiff's depressive and anxiety disorders; (2) improperly assessing Plaintiff's mental RFC; and (3) failing to properly

2

consider the new medical evidence submitted by counsel. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  See *Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

4

**B. The ALJ's Decision is supported by Substantial Evidence**

*1. Mental RFC*

Plaintiff argues that the ALJ's RFC assessment failed to properly consider his ability to engage in sustained work activities in a standard competitive work environment. Specifically, Plaintiff contends that the ALJ improperly relied on Plaintiff's daily activities in finding that Plaintiff was able to perform sustained gainful work activity. Plaintiff's contention lacks merit.

A claimant's residual functional capacity assessment is the most he can do despite his impairments. 20 C.F.R. § 416.945(a). Significantly, the residual functional capacity assessment is an administrative finding reserved to the Commissioner, not a medical opinion. As the finder of fact, the ALJ has the exclusive responsibility for formulating the residual functional capacity assessment. 20 C.F.R. § 416.946(c). In the instant case, the ALJ determined that Plaintiff's schizoaffective bipolar disorder, generalized anxiety disorder, and history of polysubstance dependence were severe impairments. (Tr. 40). The ALJ considered all of the evidence of record and concluded that Plaintiff could perform a range of work at all exertional levels that involved understanding and carrying out simple instructions; no assembly line production; occasional interaction with coworkers and supervisors; and no interaction with the public. (Tr. 42, 80-81). The ALJ's decision and residual functional capacity finding is substantially supported by the evidence of record.

As noted by the Commissioner, the record indicates that in January 2018, Plaintiff was anxious about mail from Social Security that he had not opened but he had no increases in other mental symptoms. (Tr. 392). In March 2018, Plaintiff was sad but

5

denied paranoia and depression; and he had no recent mood swings, irritability, agitation, anger, or frustration. (Tr. 447). He was alert, oriented, and pleasant and cooperative with a goal-oriented thought process, average intellect, and limited insight and judgment. (Tr. 447-48).  In July 2018, Plaintiff was well rested and not depressed or irritable. (Tr. 460). He reported delusions and paranoia that would come and go but had improved with medication. (Tr. 460). He also had fair insight and judgment, a mildly restricted affect, a pleasant and cooperative attitude and good eye contact with no unusual body movements or agitation or retardation. (Tr. 460). In August 2018, Plaintiff reported that his anxiety was better and he had no panic attacks the last two months, was sleeping well, and his mood was good with some occasional mood swings and irritability. (Tr. 463). In August and October 2018, he also had fair insight and judgment, an engaged but mildly restricted affect, goal oriented and organized thought process, and no delusions. (Tr. 464, 467). Plaintiff's condition was maintained and controlled. (Tr. 465, 468). In December 2018, Plaintiff had a stable mood, with not too much anxiety and was sleeping well but had some paranoia and depression at a 4 out of 10 rating. (Tr. 469). From December 2018 to June 2019, he had an intact memory with limited insight and judgment and was pleasant and cooperative with good eye contact. (Tr. 469, 505, 509). Again, his condition was noted to be maintained and controlled. (Tr. 469, 506, 510).

      The ALJ's RFC determination is also supported by the opinion evidence. The state agency psychological consultants opined that Plaintiff had no more than moderate psychological limitations and could perform work despite his impairments. (Tr. 87-98, 100-11). They found that he could perform work that involved simple and some multistep tasks in settings that are not fast paced; no production quotas; occasional and superficial

interaction with coworkers, supervisors, and the general public; and situations where duties were relatively static and changes could be explained. (Tr. 94-96, 107-09). Additionally, the state agency physical consultants opined, based on the evidence of record that Plaintiff had no severe physical impairments. (Tr. 91-92, 97, 104, 110). Plaintiff's nurse practitioner, Lashaundra Duncan, opined in December 2018 that he could work and needed employment. (Tr. 470). She wrote "needs employment" and "can work" (Tr. 470).

The ALJ also considered that Plaintiff performed many daily activities such as caring for his dog, preparing meals, making the bed, doing laundry, washing dishes, driving, shopping for groceries, shopping on-line for gifts, and attending church twice per week, and had no difficulty with personal care. (Tr. 24). The ALJ properly considered that Plaintiff's activities of daily living and household chores and appropriately considered them in the context of the record as a whole. *See Sorrell v. Comm'r of Soc. Sec.*, 656 Fed. Appx. 162, 173 (6th Cir. 2016) ("The ALJ contrasted Sorrell's ability to do daily activities with her reports of pain—noting that Sorrell is 'able to prepare simple meals, perform various household duties with breaks, handle personal care, drive, and shop' "); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability). Accordingly, the ALJ's evaluation of Plaintiff's subjective complaints is substantially supported.

In light of the foregoing, the undersigned finds that the ALJ properly formulated Plaintiff's mental RFC in accordance with Agency regulations and controlling law.

*2. ALJ's Duty to Develop the Record*

Plaintiff argues that the ALJ failed to develop the record with respect to the function effects of the symptoms associated with Plaintiff's depressive and anxiety disorders. Specifically, Plaintiff argues that the ALJ should have obtained testimony from a consultative examination or medical expert. Plaintiff's contention lacks merit.

An ALJ has the duty to develop the record under the regulations. See 20 C.F.R. § 416.912 While an ALJ has the duty to develop the record under the regulations, she has discretion to determine whether additional evidence is necessary. See 20 C.F.R. § 416.912; *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) ("The ALJ has discretion to determine whether additional evidence is necessary."). The regulations explain that the decision to obtain additional medical evidence, including a consultative examination, is generally left to the ALJ's discretion. See 20 C.F.R. § 416.919 ("The decision to purchase a consultative examination will be made on an individual case basis in accordance with the provisions of §§ 416.919a through 416.919f.").

The undersigned recognizes that the Sixth Circuit imposes a heightened duty to develop the record in some cases. Such a duty arose in *Lashley v. Sec'y of Health and Human Servs.,* 708 F.2d 1048, 1051-52 (6th Cir. 1983), for example, where the litigant was "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *See, id.,* 708 F.2d at 1051-52 (6th Cir. 1983) (holding that an ALJ's failure to fully develop the record denied the claimant a full and fair hearing, where the 79 year old claimant, who had suffered two strokes and had a fifth grade education, was obviously confused and possessed limited intelligence). However, not every case involving a pro se litigant will result in a "heightened duty." In *Wilson v. Com'r*

8

*of Soc. Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), the Sixth Circuit emphasized that absent the "special circumstances" that existed in *Lashley*, "the claimant bears the ultimate burden of proving disability." In *Wilson*, the ALJ had adequately developed the record, because the hearing transcript disclosed the pro se claimant's "grasp of the proceedings and the adequacy of her case presentation to the ALJ." *Id.* Here, the record reflects a fact pattern much closer to *Wilson* than to *Lashley*.

More importantly, as noted by the Commissioner, the burden of proving disability rests with Plaintiff, not with the ALJ. See, *Wilson,* 280 F. App'x at 459; (citing 20 C.F.R. § 404.1512(a)); *Struthers v. Comm'r of Soc. Sec.*, 1999 WL 357818, at *2 (6th Cir. May 26, 1999) ("[I]t is the duty of the claimant, rather than the administrative law judge, to develop the record to the extent of providing evidence of [an] impairment."); *Landsaw v. Sec'y. of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir. 1986) ("The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant.") (citations omitted).

Here, Plaintiff fails to show that the record was inadequate for the ALJ to make a decision regarding disability or that the ALJ abused her discretion by not obtaining a consultative examination or medical expert to testify at the hearing. As detailed above, the ALJ evaluated the record and reasonably determined the record evidence was sufficient to determine whether Plaintiff's mental impairments were disabling.

*II. Sentence Six Remand*

Also before the Court is Plaintiff's request for a sentence six remand to allow the Commissioner to consider additional records he submitted after the ALJ's January 13, 2020 decision. Plaintiff's request is not well-taken.

Pursuant to sentence six, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence or available to the claimant at the time of the administrative proceeding" and "material," meaning there is "a reasonable probability that the Secretary would have reached a different disposition." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations omitted); see also *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). The plaintiff must also establish good cause for his failure to present the evidence to the ALJ. *See Bass v. McMahon*, 499 F.3d 506 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "'Good cause' is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a 'harder line.'" *Saunders v. Comm'r of Soc. Sec.*, 2010 WL 1132286 at *3 (W.D. Mich. March 3, 2010) (quoting *Oliver v. Sec. of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)) (additional citations omitted).

Here, the ALJ issued her decision in January 2020. (Tr. 49). Thereafter, Plaintiff retained counsel and filed a Request for Review by the Appeals Council. Plaintiff's counsel submitted additional evidence to the Appeals Council. Namely, records from Greater Cincinnati Behavioral Health Services dated October 2019 and February 2020 and from nurse practitioner Lashandra Duncan, dated April 2020. (Tr. 2, 18-29). The Appeals Council denied Plaintiff's Request for Review. (Tr. 1-6). Notably, Appeals Council acknowledged receipt of the updated records and of Ms. Duncan's report but indicated that it had determined that this additional evidence did not relate to the period at issue and did not affect the decision about whether Plaintiff was disabled on or before

10

January 13, 2020. Plaintiff now seeks a sentence six remand to consider this evidence. Plaintiff, however, has failed to show that such evidence is new and material.

As noted by the Commissioner, the evidence is not material. Evidence is material for the purpose of sentence six if there is a "reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357.

Here, the records from Greater Cincinnati Behavioral Health Services dated October 2019 and February 2020 and from Nurse Duncan, do not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). As noted by the Commissioner, these records show that Plaintiff denied any recent hospitalizations, his mood was stable and his depression was at a 4 out of 10 rating. (Tr. 18). He was pleasant and cooperative, had a normal affect and congruent mood, had linear thought process, limited insight and judgment, and intact memory. (Tr. 19, 23). Ms. Duncan completed a medical source statement opining that Plaintiff's mental impairments caused marked limitations in five areas and he would miss two days of work per month. (Tr. 27-29). However, there is no indication in her April 2020 form when these opined limitations supposedly began. As mentioned previously, in December 2018, Ms. Duncan wrote that Plaintiff could work and needed employment. (Tr. 470). The additional evidence Plaintiff submitted does not prove that he was disabled for twelve consecutive months during the relevant period from January 2018, his alleged onset date, to January 2020, the date of the ALJ decision. As such, there is not a reasonable probability that the ALJ would have reached a different conclusion. Therefore, this evidence is not material.

Accordingly, Plaintiff's request for a sentence six remand is not well-taken and should be denied.

III.     Conclusion

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED,** and that this case be **CLOSED**.

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHANE C.                                              Case No. 1:20-cv-00985

    Plaintiff,                                    Dlott, J.
    v.                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).